# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN O. ALI,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INC., TRANS UNION,<br><br>    Defendants. | Case No. 1:18-cv-00713-AWI-SKO<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT TRANS UNION SHOULD NOT BE DISMISSED AND CONTINUING MANDATORY SCHEDULING CONFERENCE**<br><br>**(Doc. 5)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

On April 19, 2018, Plaintiff Hussein O. Ali, proceeding pro se, filed a civil complaint against Defendants Equifax Inc. and Trans Union, in Fresno County Superior Court. (Doc. 1-1.) On May 23, 2018, Defendant Equifax Inc. removed the case to federal court on the basis of federal question jurisdiction (Doc. 1), and filed an answer to Plaintiff's complaint on May 30, 2018 (Doc. 3).

The Court set a Mandatory Scheduling Conference for October 4, 2018, and ordered the parties to file a Joint Scheduling Report by September 27, 2018. (Doc. 4.) On September 24, 2018, the Court noted that Defendant Trans Union had not yet appeared in the case and continued the scheduling conference to January 24, 2019. (Doc. 5.) The Court ordered Plaintiff to file either proof of service on Defendant Trans Union or a status report indicating whether Plaintiff intends to continue to prosecute this case against Defendant Trans Union, on or before January 17, 2019. (*Id.*) To date, Plaintiff has filed no response to the Court's September 24, 2018 order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing*

*Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within fourteen (14) days of the date of service of this Order, why a recommendation should not issue for Defendant Trans Union to be dismissed for Plaintiff's failure comply with the Court's September 24, 2018 order, by not filing either proof of service on Defendant Trans Union or a status report indicating whether Plaintiff intends to continue to prosecute this case against Defendant Trans Union.** Alternatively, within that same time period, Plaintiff may file a notice of voluntary dismissal dismissing Defendant Trans Union as a party in this case. The Court further CAUTIONS Plaintiff that, if he fails to take action as set forth above within fourteen (14) days of the date of service of this Order, the Court will recommend to the presiding district court judge that Defendant Trans Union be dismissed as a party in this case.

To allow Plaintiff to respond to this Order or voluntarily dismiss Defendant Trans Union, the Court also CONTINUES the Mandatory Scheduling Conference, currently to set for January 24, 2019, to **March 5, 2019, at 10:30 AM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto**. The parties are ORDERED to file their Joint Scheduling Report by no later than February 26, 2019.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **January 23, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

2

3