# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN O. ALI, | Case No. 1:18-cv-00713-AWI-SKO |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND VACATING MANDATORY SCHEDULING CONFERENCE** |
| EQUIFAX INC., TRANS UNION, | |
| Defendants. | |

On April 19, 2018, Plaintiff Hussein O. Ali, proceeding *pro se*, filed a complaint against Defendants Equifax Inc. and Trans Union, in Fresno County Superior Court. (Doc. 1-1.) On May 23, 2018, Defendant Equifax Inc. removed the case to federal court on the basis of federal question jurisdiction (Doc. 1), and filed an answer on May 30, 2018. (Doc. 3.)

The Court set a Mandatory Scheduling Conference for October 4, 2018, and ordered the parties to file a Joint Scheduling Report by September 27, 2018. (Doc. 4.) On September 24, 2018, the Court noted that Defendant Trans Union had not yet appeared in the case and continued the scheduling conference to January 24, 2019. (Doc. 5.) The Court ordered Plaintiff to file either

proof of service on Trans Union or a status report indicating whether Plaintiff intended to continue to prosecute this case against Trans Union, on or before January 17, 2019. (*Id.*) Plaintiff failed to respond to the Court's Order, and on January 23, 2019, the Court entered an order directing Plaintiff to show cause within 14 days why Trans Union should not be dismissed as a party for failure to prosecute. (Doc. 6.) In the same Order, the Court continued the scheduling conference to March 5, 2019. (*Id.*) Plaintiff failed to respond to that Order and the Court recommended that Trans Union be dismissed as a party.[1] (Doc. 7.) Plaintiff failed to object to the recommendation, and the assigned district judge dismissed Trans Union as a party on April 2, 2019. (Doc. 9.)

On May 7, 2019, Plaintiff failed to appear at the scheduling conference. (Doc. 12.) Thus, the Court continued the scheduling conference to June 11, 2019 and directed the parties to file an updated *joint* scheduling report by June 4, 2019. (Doc. 13.) The Court also cautioned Plaintiff that if he failed to appear at the June 11, 2019 scheduling conference, the Court would recommend to the assigned district judge that Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with a court order. (*Id.*) On June 5, 2019, Defendant filed a unilateral Updated Joint Scheduling Report and indicated that Plaintiff failed to participate in drafting or approving the report, as ordered by the Court. (*See* Doc. 14 at 1.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110; *see also* E.D. Cal. L.R. 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

---

[1] The Court later continued the scheduling conference to May 7, 2019, due to the pending Findings and Recommendations that Trans Union be dismissed as a party. (Doc. 8.)

2

*Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, due to Plaintiff's pattern of disregard for the Court's orders in this case, and his failure to obey the Court's May 7, 2019 Order directing the parties to file a *joint* scheduling report by June 4, 2019, **Plaintiff is ORDERED to show cause, in writing, within fourteen (14) days of the date of service of this Order, why a recommendation should not issue for Plaintiff's complaint to be dismissed for failure to prosecute and failure to comply with court orders.**

To allow Plaintiff to respond to this Order, and because Plaintiff's lack of cooperation in submitting the scheduling report does not inspire confidence that he will attend the scheduling conference on June 11, 2019, the Court also VACATES the Mandatory Scheduling Conference, currently set for June 11, 2019, pending Plaintiff's response to this Order. The Court will re-set the Mandatory Scheduling Conference later, if appropriate, by separate notice.

IT IS SO ORDERED.

Dated: **June 5, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE