# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN O. ALI, | Case No. 1:18-cv-00713-AWI-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND OBEY THE COURT'S ORDERS** |
| v. | |
| EQUIFAX INC., | |
| Defendant. | **(Docs. 13, 15)** |
| | **OBJECTIONS DUE: 14 DAYS** |

On April 19, 2018, Plaintiff, proceeding pro se, filed a complaint against Defendants Equifax Inc. and Trans Union, in Fresno County Superior Court. (Doc. 1-1.) On May 23, 2018, Equifax removed this case to federal court with the consent of Trans Union. (Docs. 1, 1-2.)

On September 24, 2018, the Court continued the Mandatory Scheduling Conference in this case from October 4, 2018, to January 24, 2019, to allow Plaintiff an opportunity to file a proof of service of Trans Union. (Doc. 5.) The Court ordered Plaintiff to "file proof of service or a status report indicating whether Plaintiff intends to continue to prosecute this case against" Trans Union, by no later than January 17, 2019. (*Id.*) Plaintiff failed to file proofs of service on Trans Union by January 17, 2019.

| | |
|---|---|
| 1 | On January 23, 2019, the Court entered an Order to Show Cause ("OSC") ordering |
| 2 | Plaintiff to either file a statement showing cause why the Court should not recommend to the |
| 3 | presiding district judge that Trans Union be dismissed from this case for failure to comply with |
| 4 | the Court's September 24, 2018 Order, or a notice of voluntary dismissal dismissing Trans |
| 5 | Union. (Doc. 6.) In the same Order, the Court continued the Mandatory Scheduling Conference |
| 6 | from January 24, 2019, to March 5, 2019. (*Id.*) In its OSC, the Court cautioned Plaintiff that, if |
| 7 | he failed to file either a statement in response to the OSC, or a notice of voluntary dismissal, by |
| 8 | February 8, 2019, the Court would recommend to the presiding district judge that Trans Union be |
| 9 | dismissed as party in the case. (*Id.*) Plaintiff failed to file any response to the OSC or a notice of |
| 10 | voluntary dismissal of Trans Union, by February 8, 2019. |
| 11 | On February 14, 2019, the Court entered Findings and Recommendations to the assigned |
| 12 | district judge recommending that Trans Union be dismissed due to Plaintiff's failure to comply |
| 13 | with the Court's Orders entered September 24, 2018, and January 23, 2019. (Doc. 7 at 3.) In |
| 14 | light of the pending Findings and Recommendations, the Court continued the Mandatory |
| 15 | Scheduling Conference from March 5, 2019 to May 7, 2019. (Doc. 8.) On April 2, 2019, the |
| 16 | assigned district judge adopted the Findings and Recommendations and dismissed with prejudice |
| 17 | Trans Union. (Doc. 9.) |
| 18 | On May 7, 2019, Plaintiff failed to appear at the Mandatory Scheduling Conference. (Doc. |
| 19 | 12.) The Court continued the Mandatory Scheduling Conference—one last time—to June 11, |
| 20 | 2019, and ordered the parties to file an updated *joint* scheduling report by June 4, 2019. (Doc. |
| 21 | 13.) The Court explicitly warned Plaintiff as follows: |

> **The Court ADMONISHES Plaintiff that if he fails to appear without good cause at the scheduling conference on June 11, 2019, the Court will recommend to the assigned district court judge that Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with a court order.**

(*Id.*) Equifax filed an "Updated Joint Scheduling Report" on June 5, 2019, but noted that Plaintiff did not participate in the drafting of the report. (Doc. 14 at 1.) Due to Plaintiff's failure to participate in drafting the Joint Scheduling Report and his pattern of disregard for the Court's

orders, on June 5, 2019, the Court entered an OSC directing Plaintiff to show cause by June 19, 2019 why the Court should not recommend that the case be dismissed for failure to prosecute and failure to comply with the Court's orders. (Doc. 15 at 3.) To allow Plaintiff time to respond to the OSC, and because Plaintiff's failure to participate in drafting the Joint Scheduling Report did not inspire confidence that he would attend the Mandatory Scheduling Conference, the Court vacated the June 11, 2019 Mandatory Scheduling Conference in the same Order, to be later re-set if appropriate. (*Id.*) Plaintiff failed to respond to the OSC by June 19, 2019 and has not filed a response to date.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules); *Lopez v. Chase Home Fin.*, No. CVF09-0449 LJOGSA, 2009 WL 1098760, at *1 (E.D. Cal. Apr. 20, 2009) (dismissal of certain defendants for failure to comply with court).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as it appears Plaintiff lacks interest in pursuing this case. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that the failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

The Order issued on May 7, 2019, expressly directed the parties to file a *joint* scheduling report, and warned Plaintiff that if he failed to appear at the June 11, 2019 Mandatory Scheduling Conference, the Court would recommend the case be dismissed. (Doc. 13.) The June 5, 2019 OSC expressly ordered Plaintiff to file a statement showing cause why the Court should not recommend to the assigned district judge that this case be dismissed. (Doc. 15 at 3.) Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the OSC. Plaintiff has demonstrated a general lack of concern for court orders throughout the case and the Court has warned Plaintiff multiple times regarding his failure to prosecute this case and follow the Court's Orders. (*See, e.g.,* Docs. 6, 12, 13, 15.)

In light of the foregoing, and pursuant to Local Rule 110 and the Court's inherent sanction authority, the undersigned RECOMMENDS that this case be dismissed with prejudice.

**CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE based on Plaintiff's failure to obey the Court's Orders of May 7, 2019, (Doc. 13), and June 5, 2019, (Doc. 15), and Plaintiff's failure to prosecute the case.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 3, 2019**__                       /s/ *Sheila K. Oberto*
                                                                             UNITED STATES MAGISTRATE JUDGE